UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| | | | |
|---|---|---|---|
| Case No. | 5:25-cv-02853-SSS-RAO | Date | December 10, 2025 |
| Title | *Adrian Salgado Valenzuela v. Fereti Semaia et al.* | | |

| | |
|---|---|
| Present: The Honorable | SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE |

| | |
|---|---|
| Irene Vazquez | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| None Present | None Present |

**Proceedings: (IN CHAMBERS) ORDER DENYING PETITIONER'S REQUEST FOR RELIEF AND PRELIMINARY INJUNCTION [DKT. NO. 7]**

Before the Court are various filings from the parties in connection with the Court's Order Granting in Part and Denying in Part Petitioner's TRO, which included an Order to Show Cause as to why a preliminary injunction should not issue. [Dkt. No. 7, "Order to Show Cause" or "TRO Order"].

For the following reasons, the Court **DENIES** Petitioner's Request for a Preliminary Injunction.

## I. BACKGROUND

For sake of brevity, the Court incorporates the fact section as articulated in its TRO Order. [*See generally* TRO Order].

Following the TRO Order, Respondents submitted a Response to the Order to Show Cause regarding the status of Petitioner's bond hearing. [Dkt. No. 8, "Response"]. The Response confirmed that Petitioner was scheduled to receive a bond hearing on November 7, 2025. [*Id.* at 2]. Following that bond hearing, Respondents provided a supplemental response that indicated an Immigration

Judge ("IJ") had denied Petitioner bond. [Dkt. No. 10, "Supplemental Response"]. Counsel for Petitioner then filed a Reply to the Supplemental Response, challenging the sufficiency of the bond hearing and seeking relief. [Dkt. No. 12, "Reply to Supplement"].

On November 14, 2025, the Court heard argument from parties as to whether a preliminary injunction should issue. [Dkt. No. 14]. During the hearing, Petitioner argued that the IJ had improperly conducted the bond hearing and sought relief to enforce the Court's Order in the form of a second bond hearing and preliminary injunction. [*See* Reply to Supplement]. The Court ordered supplemental briefing as to whether the bond hearing held on November 7, 2025 mooted the habeas petition, and whether Court had jurisdiction to grant the relief Petitioner requested.

The parties have submitted their supplemental briefing as requested. [*See* Dkt. Nos. 16, 17, 19]. For the reasons discussed below, the Court **DENIES** Petitioner's Request for a Preliminary Injunction.

## II. LEGAL STANDARD

Similar to a temporary restraining order, to obtain a preliminary injunction, a party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to him in the absence of preliminary, equitable relief; (3) that the balance of equities tips in his favor as the movant; and (4) that an injunction is in the public interest. *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Additionally, when the Government is a party to a case, "the balance of the equities and public interest factors merge." *See Drakes Bay Oyster Co. v. Jewell*, 747 F.3d 1073, 1092 (9th Cir. 2014) *(citing Nken v. Holder*, 556 U.S. 418 (2009)).

The Ninth Circuit uses a sliding scale approach to preliminary injunctions, such that "a stronger showing of one element may offset a weaker showing of another." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011); *see also Pimentel v. Dreyfus*, 670 F.3d 1096, 1105 (9th Cir. 2012). Under the sliding scale approach, a petitioner is entitled to a preliminary injunction if he has raised "serious questions going to the merits ... and the balance of hardships tips sharply in [his] favor." *Id.* (quoting *Clear Channel Outdoor, Inc. v. City of Los Angeles*, 340 F.3d 810, 813 (9th Cir. 2003)). The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary

injunction. *See Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995).

## III. DISCUSSION

The Court addresses two justifications that warrant denial of Petitioner's request for a preliminary injunction: (1) lack of jurisdiction to review the issues raised by Plaintiff as to his bond determination, and (2) mootness.

### A. Jurisdiction Under 8 U.S.C. § 1226(e)

Although Petitioner may disagree with the outcome of the IJ's determination at the bond hearing, this Court does not have jurisdiction to sit as an appellate body over this issue. 8 U.S.C. § 1226(e) states "[n]o court may set aside any action or decision by the Attorney General under this section regarding the detention of any [noncitizen] or the revocation or denial of bond or parole."[1] § 1226(e).

Petitioner's requested relief now seeks this Court reconsider and re-evaluate the evidence of Petitioner's criminal history details that caused the IJ to deny him

---

[1] This Order uses the term "noncitizenship" in place of "alienage" and "noncitizen" in place of "alien." The Court follows the U.S. Supreme Court and Ninth Circuit, where the use of the term "noncitizen" has become a common practice. *See Patel v. Garland*, 596 U.S. 328 (2022) (Barrett, J.); *United States v. Palomar-Santiago*, 593 U.S. 321 (2021) (Sotomayor, J.); *Barton v. Barr*, 590 U.S. 222, 226 n.2, (2020) (Kavanaugh, J.) ("This opinion uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" (citing 8 U.S.C. § 1101(a)(3))); *Avilez v. Garland*, 69 F.4th 525 (9th Cir. 2023); *Arce v. United States*, 899 F.3d 796 (9th Cir. 2018). Additionally, this Court thinks it is prudent to "avoid language that reasonable readers might find offensive or distracting—unless the biased language is central to the meaning of the writing." *Chicago Manual of Style Online* 5.253, https://www.chicagomanualofstyle.org/book/ed17/part2/ch05/psec253.html. As noted by the Ninth Circuit, "[t]he word alien can suggest 'strange,' 'different,' 'repugnant,' 'hostile,' and 'opposed[.]'" *Avilez*, 69 F.4th at 527 n.1 (citing *Alien*, *Webster's Third New International Dictionary* 53 (2002)). Accordingly, because the word "noncitizen" is synonymous and does not encompass such negative connotations, the Court finds "noncitizen" is a better word choice. *See Alien* and *Noncitizen*, *American Heritage Dictionary of English Language* 44, 1198 (5th ed. 2011).

bond. [Dkt. No. 12 at 5–9]. Petitioner's Reply to Supplement makes arguments as to why the IJ's analysis of the danger Petitioner may pose to the community was incorrect. [*See id.*].

Although Petitioner insists that the Court has an inherent power to enforce its judgments, Respondents correctly identify a jurisdictional bar to such evaluation. [Dkt. No. 16 at 2; Dkt. No. 18 at 5–6].

Congress has explicitly divested courts of jurisdiction to hear pre-removal period bond challenges." *De Luna v. Robbins*, No. EDCV-16-1505-RSW-LSS, 2016 WL 3869826 at *3 (C.D. Cal. July 15, 2016) (citing § 1226(e)). *See also Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1212–13 (9th Cir. 2022) (finding the court lacks jurisdiction to review issues that present "merely a disagreement with the merits of the IJ's decision").

Despite Petitioner's framing of his arguments regarding the bond hearing determination as justiciable, the Petitioner seeks review of the merits of the IJ's decision. The Court **DENIES** Petitioner's requested relief for lack of subject matter jurisdiction.

### B. Mootness

Courts have an obligation to consider mootness *sua sponte*, and should deny requested relief where it is superfluous. *In re Burrell*, 415 F.3d 994, 997 (9th Cir. 2005).

To the extent the Court possesses the ability to grant relief to Plaintiff, review is limited to "constitutional claims and legal error." *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011). The Court has already done so in granting Petitioner's requested relief: an order providing him with an individualized bond hearing. Therefore, Petitioner's request for a preliminary injunction is moot.

"A case becomes moot when interim relief or events have deprived the court of the ability to redress the party's injuries." *United States v. Alder Creek Water Co.*, 823 F.2d 343, 345 (9th Cir. 1987); *see also NASD Disp. Resol., Inc. v. Jud. Council*, 488 F.3d 1065, 1068 (9th Cir. 2007) (finding appeal to be moot when the plaintiffs had already been granted the relief they sought).

Here, the relief Petitioner's TRO sought was an individualized bond hearing. [Dkt. No. 3 at 5, 25]. Petitioner received exactly this, as seen in the IJ's Bond Memorandum, which included an "alternative custody redetermination" containing the reasons behind why Petitioner was denied bond. [Dkt. No. 10-1 at 6–9]. Further relief in the form of ordering another individualized bond hearing would be redundant; Respondents have already provided this exact form of relief pursuant to the Court's order.

For the reasons discussed above, the Court lacks jurisdiction to review the bond hearing determination and **DENIES AS MOOT** Plaintiff's request for a preliminary injunction.

## IV. CONCLUSION

Accordingly, the Court **DENIES** Petitioner's request for a preliminary injunction. The Order to Show Cause is **DISCHARGED**. Any further proceedings on this matter shall be referred to Magistrate Judge Oliver.

**IT IS SO ORDERED**.