UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No.: | CV 5:25-02853-SSS (RAO) | Date: | January 21, 2026 |
| Title: | Adrian Salgado Valenzuela v. Fereti Semaia, et al. | | |

Present: The Honorable **ROZELLA A. OLIVER, U.S. MAGISTRATE JUDGE**

| Eddie Ramirez | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Respondents: |
|---|---|
| N/A | N/A |

**Proceedings:** (In Chambers) **ORDER TO SHOW CAUSE RE DISMISSAL**

On October 28, 2025, Petitioner Adrian Salgado Valenzuela ("Petitioner"), represented by counsel, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 against Respondents Fereti Samaia, Facility Administrator of Adelanto ICE Processing Center; Kristi Noem, Secretary of the Department of Homeland Security; U.S. Attorney General Pam Bondi; Todd M. Lyons, Acting Director of Immigration and Customs Enforcement; and Ernesto Santacruz, Adelanto ICE Field Office Director ("Respondents"). Dkt. No. 1, Petition ("Pet."). Also on October 28, 2025, Petitioner filed an Ex Parte Application for Temporary Restraining Order ("Application"), seeking an order requiring Respondents to release him from custody or provide him with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) within seven days; and enjoining Respondents from relocating him outside the Central District of California pending resolution of this case. Dkt. No. 3.

On November 3, 2025, the Court granted Petitioner's Application in part and issued an order enjoining Respondents from continuing to detain Petitioner unless they provided him with an individualized bond hearing before an immigration judge pursuant to Section 1226(a) within seven days of the order. Dkt. No. 7. The Court also ordered Respondents to show cause in writing as to why the Court should not issue a preliminary injunction. *Id*.

On November 6, 2025, Respondents filed a Response to the order to show cause. Dkt. No. 8. Respondents stated that Petitioner's bond hearing was scheduled for November 7, 2025, and Respondents would provide a Supplemental Response shortly. *Id*. On

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:   CV 5:25-02853-SSS (RAO)                              Date:   January 21, 2026
Title:           Adrian Salgado Valenzuela v. Fereti Semaia, et al.

November 10, 2025, Respondents filed a Supplemental Response to the November 3, 2025 order to show cause, providing a copy of an order from the immigration judge showing Petitioner had received a bond hearing and the immigration judge denied bond. Dkt. No. 10, 10-1. Respondents argued in their Supplemental Response that provision of a Section 1226(a) bond hearing to Petitioner mooted the request for a preliminary injunction and the habeas petition generally. Dkt. No. 10 at 1. On November 12, 2025, Petitioner filed a Reply asserting that the bond hearing on November 7, 2025, was procedurally deficient and asked the Court to maintain jurisdiction over the case. Dkt. No. 12. The Court held a hearing on November 14, 2025, on the preliminary injunction and directed further briefing on the issue of whether the Court has jurisdiction to consider the sufficiency of the bond hearing provided to Petitioner. Dkt. No. 14; *see also* Dkt. No. 16 at 1. Petitioner filed a Supplemental Response on November 20, 2025, addressing the issue of the Court's jurisdiction over the bond hearing's sufficiency. Dkt. No. 16. On December 5, 2025, Respondents filed an Opposition, arguing that "the Court lacks jurisdiction to review his custody determination and bond orders under both section 1226(e) and section 1252(a)(2)(B)(ii)." Dkt. No. 18 at 4–5. Petitioner filed a Reply on December 9, 2025, further arguing that the Court has jurisdiction to review the denial of Petitioner's bond because the "Court's s jurisdiction necessarily includes the ability to enforce compliance with its orders." Dkt. No. 19 at 8.

On December 10, 2025, the Court denied as moot Petitioner's request for a preliminary injunction in light of Respondents' representation that Petitioner was provided a bond hearing and the immigration judge had denied Petitioner bond. Dkt. No. 21. As part of the order, the Court ruled that it does not have jurisdiction to review the issues raised by Petitioner as to his bond determination. *Id.* at 3.

Based on this procedural history and the Court's December 10, 2025 order, it appears this case is moot because Petitioner received a determination on the merits of his bond request by an immigration judge, and the Court concluded that it lacks jurisdiction to review the bond decision. *See* Dkt. No. 21. Accordingly, Petitioner is **ORDERED TO SHOW CAUSE** in writing no later than five (5) days of the issuance of this order as to why the Court should not dismiss the Petition as moot. Respondents may file a Response no later than five (5) days of the filing of Petitioner's response to the OSC. Petitioner may discharge this order by signing and returning a notice of dismissal within five (5) days of the date of this order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.: CV 5:25-02853-SSS (RAO)                    Date: January 21, 2026
Title:    Adrian Salgado Valenzuela v. Fereti Semaia, et al.

**IT IS SO ORDERED.**

Attachment: Notice of Dismissal, Form CV-09

                                                                      :
                                                Initials of Preparer    er